## In re GOLDBERG.

(Circuit Court, S. D. New York. January 23, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—"GLASS-HEADED PINS."

 Pins of different sizes, having iron or steel shanks from 1½ to 6 inches in length, with more or less ornamental glass heads, some polished and some of a dull black, the articles being commercially known as "lace pins," "hat pins," and "bonnet pins," the glass heads of some of the bonnet pins being in the form of sprays or sprigs, are dutiable as manufactures of glass at 60 per cent. ad valorem, under paragraph 108 of the tariff act of October 1, 1890, and not as "pins, metallic," under paragraph 206 of the same act.

At Law.

This was an appeal by the importer pursuant to the provisions of the so-called "Administrative Act" of June 10, 1890, from the decision of the collector of customs at the port of New York in relation to the classification for duty of certain merchandise imported into said port in August, 1891, and which was assessed for duty by the collector as manufactures of glass at 60 per cent. ad valorem under Schedule B, par. 108, of the tariff act of October 1, 1890. which is as follows:

"108. Thin-blown glass, blown with or without a mold, including glass chimneys and all other manufactures of glass, or of which glass shall be the component material of chief value, not specially provided for in this act, sixty per centum ad valorem."

The importer protested that the merchandise was "pins," and was dutiable only at 30 per cent. ad valorem, under Schedule C, par. 206, of said tariff act, which is as follows:

"206. Pins, metallic, solid-head, or other, including hairpins, safety pins, and hat, bonnet, shawl, and belt pins, thirty per centum ad valorem."

The case coming before the board of United States general appraisers, pursuant to the statute, evidence was taken in behalf of the importer, from which it appeared that the articles were pins of various sizes having iron or steel shanks, varying in length from 1½ to 6 inches, and all having more or less ornamental heads made of glass, some polished and some of a dull black, and that all of the articles were commercially known as "pins." The board of

appraisers overruled the importer's protest, and affirmed the collector's assessment of duty. The importer appealed to the circuit court under the provisions of the above-mentioned administrative act, and procured from the court an order to take further testimony before one of the general appraisers as referee. Upon such reference a number of trade witnesses were produced in behalf of the importer, and from their evidence it appeared that the merchandise was commercially known in trade and commerce as "lace pins," "hat pins," or "bonnet pins," and that some of the bonnet pins—those with elaborate and ornamental glass heads in the form of sprays or sprigs—were sometimes used for hat ornaments as well as for fastening the hat upon the head, but that they were always included in the trade among the class or group known as "pins." This trade testimony was not contradicted by any evidence produced on the part of the collector or the government; and after the return of the testimony to the circuit court the case came on for hearing upon the return of the board of United States general appraisers, and the further evidence taken as above. The United States attorney relied solely upon the point of law that in the tariff act of March 3, 1883, Schedule C, (Tariff Ind., New, par. 209,) the provision for pins was in the following terms: "Pins, solid-head or other, thirty per centum ad valorem;" whereas in the tariff act of October 1, 1890, (Schedule C, par. 206,) the provision is for "pins, metallic, solid-head, or other," etc.; and contended that the important word "metallic," introduced after the noun "pins" in paragraph 206 of the latter tariff act, must be given the significance which it naturally conveyed as limiting the pins covered by the provision to pins entirely of metal.

After argument, the circuit court delivered the following decision.

Comstock & Brown, for importer.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for collector and the government.

LACOMBE, Circuit Judge. In the tariff act of March 3, 1883, Schedule C, (Tariff Ind. par. 209,) the provision as to pins is as follows: "Pins, solid-head or other, thirty per centum ad valorem." In the tariff of October 1, 1890, in Schedule C, "Metals and Manufactures of," (Tariff Ind. par. 206,) it is found amplified so as to read: "Pins, metallic, solid-head, or other, including hairpins, safety pins, and hat, bonnet, shawl, and belt pins, thirty per centum ad valorem." The United States attorney contends on behalf of the collector and the government that the word "metallic," inserted by congress into the present tariff provision, must be given some significance, and that it should be held to qualify the noun "pins" so as to cover only pins consisting entirely of metal, whereas the imported articles in this case are, according to uncontradicted testimony, pins having more or less ornamental glass heads. Upon that one point I am inclined to sustain the view of the board. The word "metallic" is certainly put there for some purpose, and I cannot see any other meaning to give it here than the one it would naturally have.

The decision of the board of general appraisers is affirmed.